*Formatted for Electronic Distribution*                                                                              *Not For Publication*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF VERMONT



Filed & Entered
On Docket
October 28, 2013

_____

**In re:**

    **RALPH L. GOULD, SR. and**  
    **IRENE E. GOULD,**  
        **Debtors.**

Chapter 13 Case  
# 10-10679

_____

**RALPH L. GOULD, SR. and**  
**IRENE E. GOULD,**  
        **Plaintiffs,**  
    **vs.**  
**US BANK NATIONAL ASSOCIATION,**  
**MORTGAGE REGISTRATION**  
**SYSTEM, INC. and OCWEN LOAN**  
**SERVICING, LLC,**  
        **Defendants.**

Adversary Proceeding  
# 11-1017

_____

| | |
|---|---|
| *Appearances:* Rebecca A. Rice, Esq.<br>Cohen & Rice<br>Rutland, Vermont<br>*For the Debtors* | Heather Z. Cooper, Esq.<br>Kenlan Schwiebert Facey & Goss PC<br>Rutland, Vermont<br>*For US Bank National Association*<br><br>Matthew Shechtman, Esq.<br>Shechtman Halperin Savage, LLP<br>Pawtucket, Rhode Island<br>*For US Bank National Association,*<br>*Mortgage Electronic Registration System, Inc.,*<br>*and Ocwen Loan Servicing, LLC* |

### MEMORANDUM OF DECISION
#### DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

On July 19, 2011, Irene E. Gould and Ralph L. Gould, Sr. (the "Debtors" or "Plaintiffs") initiated an adversary proceeding against US Bank National Association, Mortgage Electronic Registration System, Inc., and Ocwen Loan Servicing, LLC (collectively the "Defendants"). The adversary proceeding focuses on whether US Bank National Association ("US Bank") is entitled to enforce the promissory note the Debtors executed in favor of Aegis Lending Corporation on February 10, 2005, secured by a mortgage on their residence (the "Note" and "Mortgage," respectively).

1

For the reasons set forth below, the Court finds that summary judgment is not warranted because the material facts in the record are insufficient to demonstrate US Bank had the right to enforce the Note on the relevant date, and consequently finds there is no need to address the Defendants' argument regarding the extent of the Debtors' interest in the property which is collateral for the Mortgage.

## I. JURISDICTION

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Order of Reference entered by Chief Judge Christina Reiss on June 22, 2012. This Court declares this adversary proceeding to present issues that are within the scope of a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (K). The Court further declares it has authority to enter a final judgment in this core proceeding.

## II. PROCEDURAL BACKGROUND

The Debtors filed a voluntary Chapter 13 petition on May 13, 2010 (ch 13 # 10-10679, doc. # 1). On July 15, 2010, US Bank filed a proof of claim in the Plaintiffs' bankruptcy case, seeking to enforce the debt it claims to be secured by the Mortgage (claim # 7 for $77,009.23).  On July 19, 2011, the Debtors filed a complaint initiating this adversary proceeding against the Defendants (AP # 11-1017, doc. # 1),[1] disputing US Bank's right to collect the debt reflected on that proof of claim.

In Count I of their complaint, the Plaintiffs allege that, based on documentary deficiencies in US Bank's originally-filed proof of claim, the Bank lacks standing to enforce the Note (doc. # 1, ¶ 27).  In Count II, the Plaintiffs allege that, as a result of somewhat unusual real property transfers effected in 2004 and 2005 to address alleged errors in party names, Ralph Gould Jr. – the Plaintiffs' son – held a 50% ownership interest in the subject real property at the time the Mortgage was granted, and remains a 50% owner. Therefore, the Plaintiffs assert, US Bank's security interest can attach to no more than one-half of the real property (doc. # 1, ¶ 28).  The complaint seeks a judgment (1) disallowing any proof of claim that US Bank files and determining US Bank's claimed security interests void under 11 U.S.C. § 506, and (2) determining that any secured claim of US Bank is limited to 50% of the value of the Debtor's property.

On November 28, 2011, the Defendants filed an answer to the complaint (doc # 17), and on August 30, 2013, the Defendants filed a motion for summary judgment, accompanied by a memorandum of law and statement of undisputed material facts (together, doc. # 41), seeking an order overruling the Debtors' objection to their proof of claim and declaring their debt to be fully secured (doc. # 41, p. 7) (the "Motion"). The Debtors did not file any response to the Motion, the supporting memorandum of law, or statement of undisputed material facts.

---

[1] All citations to the docket refer to docket entries in AP # 11-1017, unless otherwise noted.

2

### III. SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the record shows no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56; Fed. R. Bankr. P. 7056; see also Bronx Household of Faith v. Bd. of Educ. of the City of New York, 492 F.3d 89, 96 (2d Cir. 2007). The moving party bears the burden of showing that no genuine issue of material fact exists. See Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004). A genuine issue exists only when "the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); see also Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The substantive law identifies those facts that are material; only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. See Anderson, 477 U.S. at 248. Factual disputes that are irrelevant or unnecessary are not material. Id. In making its determination, the court's sole function is to determine whether there is any material dispute of fact that requires a trial. Id. at 249; see also Palmieri v. Lynch, 392 F.3d 73, 82 (2d Cir. 2004). In determining whether there is a genuine issue of material fact, a court must resolve all ambiguities, and draw all inferences, against the moving party. See Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc., 448 F.3d 573, 579 (2d Cir 2006).

### IV. UNDISPUTED MATERIAL FACTS

Since the Plaintiffs did not respond to the Motion, all facts the movant represented as material and undisputed are deemed undisputed. See Vt. LBR 7056-1(a)(3)[2]. For purposes of the Motion, the Court finds the following facts to be both undisputed and material:

1. On February 10, 2005, the Debtors signed an adjustable rate note in the amount of $65,600 (doc. ## 41-1 ¶ 10; 41-5).

2. The note is secured by a mortgage recorded in Book 125, pages 79-87 of the Land Record for the Town of Poultney (doc. ## 41-1 ¶ 13; 41-6).

3. Ocwen Loan Servicing, LLC, servicer for US Bank, has in its possession and control the original Note, and had possession prior to filing a proof of claim (doc. ## 41-1 ¶¶ 18, 20; 41-8 ¶¶ 1, 2).

4. The original Note is indorsed from Aegis Lending Corporation to Aegis Mortgage Corporation. It is also indorsed in blank by Aegis Mortgage Corporation. Neither indorsement is dated (doc. ## 41-2 ¶ 19; 41-5).

5. US Bank has provided an allonge to the note dated December 6, 2011 with an "effective date" of August 23, 2007. The allonge is indorsed by Aegis Lending Corporation to the order of US Bank (doc. # 41-5).

---

[2] Vt. LBR 7056-1(a)(3) provides that "[t]he respondent is deemed to have admitted all facts in the movant's statement of material undisputed facts except to the extent that party controverts them in a statement of disputed material facts." To the extent that the Defendants' Statement of Undisputed Facts contradicts Defendants' answer to the Debtors' complaint, the Statement of Undisputed Facts, as the more recent document, controls.

3

### III. ISSUES PRESENTED

The Motion, mirroring the complaint, raises two issues: Does US Bank have the right to enforce the Note in the Debtors' bankruptcy case? And, if so, does the Mortgage securing the Note encumber all of the Debtors' residential property or only one-half of the property?

### IV. DISCUSSION

Bankruptcy law does not specify the requirements for enforcement of promissory notes. As a result, the rights and obligations of parties disputing the validity of a promissory note are determined by applicable non-bankruptcy law, i.e., usually state law. See Butner v. United States, 440 U.S. 48, 54-55, 99 S. Ct. 914, 59 L. Ed. 2d 136 (1979).

Vermont has adopted a version of the Uniform Commercial Code ("UCC") concerning negotiable instruments that applies to promissory notes. The relevant provision of Article 3 describes a "[p]erson entitled to enforce" an instrument as "(i) the holder of the instrument." 9A V.S.A. § 3-301. The general definitions section of Vermont's UCC defines a "holder," in relevant part, as "(A) the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." 9A V.S.A. § 1-201(21)(A). An entity may be the holder of a note if two criteria are met: it is in possession of a note and the note is either payable to it or indorsed in blank. 9A V.S.A. §§ 3-201, 3-205 (the "Holder Test"). The Vermont Supreme Court recently articulated the importance of satisfying these UCC requirements as a condition of enforcing a note, in the context of the state's civil rules:

> To enforce a promissory note or mortgage under § 3-301(i), therefore, a person must be in possession of the instrument at the time that the enforcement action is filed and the instrument must be made payable to the person or to the order of the person. See Kimball, 190 Vt. 210, 2011 VT 81, ¶ 14, 27 A.3d 1087 (outlining standing requirements in home foreclosure context ). These requirements are the same where the original indorsement is made in blank. See 9A V.S.A. § 3-205 (describing various ways to indorse a negotiable instrument). Moreover, Vermont Rule of Civil Procedure 80.1(b)(1), which governs complaints in the analogous mortgage foreclosure context, corresponds with this reading, providing in relevant part that:
>> The plaintiff shall attach to the complaint copies of the original note and mortgage deed and proof of ownership thereof, including copies of all original indorsements and assignments of the note and mortgage deed. The plaintiff shall plead in its complaint that the originals are in the possession and control of the plaintiff or that the plaintiff is otherwise entitled to enforce the mortgage note pursuant to the Uniform Commercial Code.
>
> V.R.C.P. 80.1(b)(1).

Wells Fargo Bank Minnesota, N.A. v. Rouleau, 191 Vt. 302, 308 (2012).

The Holder Test, along with similar procedures, apply in bankruptcy cases. In order for a creditor to demonstrate it has the right to file a proof of claim for a debt secured by real property, that creditor must show that it was the holder of the note on the day the debtors filed their bankruptcy petition. In re

4

Parker, 445 B.R. 301, 306 (Bankr. D. Vt. 2011). "The seminal date for analysis and allowance of a proof of claim, including the question of standing, is the date the bankruptcy case was commenced." Id. Thus, this Court must determine if US Bank met the Holder Test on the Plaintiffs' petition date.

Here, US Bank has neither alleged nor presented evidence that it was in possession of the Note on the date the Plaintiffs commenced their bankruptcy case. Their pleadings and affidavit allege only that US Bank's servicer had custody of and dominion over the Note "prior to the filing of the proof of claim." (doc. ## 41-1 ¶¶ 18, 20; 41-8 ¶¶ 1, 2). That is not enough to satisfy the first criteria of the Holder Test. The record does not demonstrate who had possession of the Note on the petition date, and therefore US Bank is not entitled to summary judgment on the first criteria of the Holder Test.

Furthermore, even assuming arguendo that US Bank held the original Note on the date the bankruptcy case was commenced, it must satisfy the second criterion of the Holder Test to qualify as the party entitled to enforce the Note, i.e., it must show the Note it had in its possession on the petition date was payable either to it or to bearer. The record reflects that the original Note is indorsed twice, once by Aegis Lending Corporation payable to Aegis Mortgage Corporation, and once by Aegis Mortgage Corporation in blank (doc # 41-5). As neither indorsement is dated, and the record contains no evidence pertinent to the question of when the indorsements were made, it is impossible to know if the Note was payable to bearer at the time the Plaintiffs filed their bankruptcy case. See Parker 445 B.R. at 306. US Bank makes no mention of its rights under the Note as of the petition date, but rather relies solely on the argument that the Note was payable to US Bank prior the date US Bank filed its proof of claim. It points to an allonge it filed as part of the Motion, dated December 6, 2011 and purporting to be effective as of August 23, 2007.[3] However, the allonge is dated more than a year after the petition date.

Vermont case law has not addressed whether an allonge may be effective retroactively, but Vermont law does address whether a party may cure defects in standing after the outset of litigation, and holds that it may not. In U.S. Bank National Ass'n v. Kimball, 190 Vt. 210 (2011), the Vermont Supreme Court states, "when a plaintiff is not able to establish that it possessed the note on the date the complaint was filed, the complaint should be subject to dismissal…" Id. at 220 (emphasis added); see also Deutsche Bank Nat'l Trust Co. v. Parisella, 2010 Vt. Super. LEXIS 59 (Vt. Super. Ct. Oct. 25, 2010) (addressing proposition that defect in standing at the outset of litigation cannot be cured and holding party must have standing at the outset of litigation). The Kimball court held that dismissal with prejudice was not appropriate based upon a plaintiff's failure to demonstrate the right to enforce the underlying note, and that a party may present evidence after the commencement of litigation, to prove it was entitled to enforce

---

[3] US Bank has filed an affidavit in support of the Motion in which it again relies on the allonge to establish that since the Note is payable to US Bank, it therefore has the right to enforce the Note in this case. But it too fails to show that US Bank had a note payable to it as of the petition date.

5

the subject note as of the start of the case. See 190 Vt. at 220; see also Rouleau 191 Vt. 310 (affirming trial court's finding that bank had been assigned note in reliance upon detailed evidence the loan servicer's employee gave fully describing history of note assignments).

Federal law in this circuit does allow a creditor to cure defects in filed documents such that they may be enforced in a bankruptcy case, provided the cure is effectuated prior to the filing of the bankruptcy petition. In In re SSL Corp., 26 F.3d 302 (2d Cir. 1994), the Second Circuit affirmed the district court and bankruptcy court determination that the creditor's mortgage – which was defective on the date it was filed – was effective as against the estate because the creditor had cured the defect well before the bankruptcy case was commenced. However, neither state nor federal law permits a plaintiff to take steps, after the commencement of the case, to procure rights it did not have on the date the case was commenced.

The record in this proceeding includes no evidence that US Bank had any rights under the Note prior to the petition date. The filing of the allonge does not indicate that the Note was indorsed to US Bank as of the petition date – it is an entirely new document that US Bank acknowledges was not in existence at the time the Plaintiffs filed their bankruptcy petition. Further, US Bank has presented no case law or statutory basis justifying a determination that this allonge is retroactively effective and sufficient to endow US Bank with holder status as of the petition date. Therefore, US Bank has not demonstrated that it satisfies the second criteria of the Holder Test.

Since the record contains no evidence on three material facts, namely, when US Bank obtained possession of the Note, what date each of the indorsements was made, and who was in possession of the Note on the date the Debtors filed their petition, the movant is not entitled to summary judgment on the issue of whether it is entitled to enforce the Note. In light of this determination, the Court need not address the second issue raised in the Motion, and will make no decision on the issue of whether the Mortgage securing the Note encumbers all or only one-half of the Plaintiffs' residential property.

## V. CONCLUSION

For the reasons set forth above, the Court finds that the movants have failed to demonstrate they are entitled to summary judgment on the issue of US Bank's right to enforce the Note. Therefore, the Defendants' motion for summary judgment is denied. The Court makes no determination on the issue of the scope of property subject to the Mortgage securing the Note.

October 28, 2013  
Burlington, Vermont

Colleen A. Brown  
United States Bankruptcy Judge

6